IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-2498-L** |
| | § | |
| **THERESA CHRISTENSEN,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the United States' Motion for Default Judgment, filed October 20, 2015. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.    Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on July 28, 2015, against Theresa Christensen ("Defendant" or "Christensen"). This action arises from the failure of Christensen to make the required payments on a loan she obtained in November 2003. The loan was disbursed for $4,845.05 on December 26, 2003, at 3.50% interest per annum. The loan was guaranteed by the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a *et seq.* (34 C.F.R. Part 685). After demand of payment by the United States, Christensen defaulted on the loan on December 9, 2009.

Christensen was served with a copy of the summons and Complaint on September 24, 2015. Defendant was required to answer or otherwise respond to the Complaint by October 15,

**Memorandum Opinion and Order – Page 1**

2015, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Christensen has not answered or otherwise responded to the Complaint.

On October 20, 2015, the United States requested the clerk of court to enter a default against Christensen, and the clerk entered default against Christensen the same day. Plaintiff now requests the court to enter a default judgment against Christensen and award it damages and applicable interest as a result of his default.

## II.   Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Christensen*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Christensen. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Christensen, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Christensen is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Christensen owed the United States as of February 27, 2015, was $6,637.56 ($5,532.76 in principal and $1,104.80 in interest). Interest accrues on the principal at the rate of $.53 per day. The number of days from February 27, 2015,

to October 28, 2015, is 243, which results in additional interest in the amount of $128.79. Therefore, the total amount of judgment to which the United States is entitled is **$6,766.35.**

### III. Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$6,766.35.** The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 28th day of October, 2015.

_____
Sam A. Lindsay
United States District Judge